## WHITEHEAD v. PURNELL.

### December 12, 1840.

*Rule to show cause why a sheriff's sale should not be set aside.*

A sheriff's sale took place on a *levari facias* under a younger mortgage. The property was bound by a judgment entered on a bond and warrant of attorney accompanying an elder mortgage. *Held:* that the lien of the prior judgment was divested, and must be paid out of the proceeds, and that the purchaser did not take the premises sold, subject to it or the mortgage which accompanied it.

THIS was a *levari facias* on a judgment on a younger mortgage.

The terre tenants obtained this rule to show cause.

The title to the premises sold was as follows:

" John Whitehead & Jos. Broadbent, } Deed dated Jan. 4, 1833.
to } Recorded A. M. No. 63,
Hiram Purnell. } p. 247.
For a large lot 55 by 180 feet."

" Purnell & Wife, } Deed dated December 20, 1837. Acknowledged December 30, 1837, for a part, not
to } recorded."
Jacob Freas. }

" Purnell & Wife, } Deed dated December 20, 1837. Acknowledged December 30, 1837, for a part, recorded September 11, 1839."
to }
Jacob Ruth. }

The incumbrances were—

1. Mortgage. Purnell to Whitehead et al. dated Jan. 4, 1833; recorded Jan. 5, 1833, for the purchase money . . . $440

The bond accompanying it was entered up Jan. 7, 1833, and judgment on that date.

2. Mortgage. Purnell to Whitehead, dated May 13, 1835; recorded May 14th, for . . . . . . . . . . . $220

Bond accompanying it entered up May 14, 1835. On this mortgage the premises were sold.

The property was divided into 6 pieces, 1 to 6 inclusive.

[Whitehead v. Purnell.]

This motion was to set aside sheriff's sale as to Nos. 2, 3, 4, and 5.

At the sheriff's sale Nos. 1 and 6 were first put up, and sold,

| No. 1, for | . . . . . . . . . . . | $300 |
| No. 6, for | . . . . . . . . . . . | 90 |
| Total | . . . . . . . . . . . | $390 |

more than sufficient to cover the debt and costs in the execution, if the purchaser at sheriff's sale took them subject to the first mortgage. These two properties were owned by the defendant at the time of sale. The other properties, Nos. 2, 3, 4, and 5, were not owned by defendant, but had been sold by him in 1833 for a full and valuable consideration, and the purchasers had gone on and made improvements which cost at least $2800, though their deeds were not delivered till December, 1837.

John Whitehead knew of the sale of Nos. 2, 3, 4, and 5, in 1833, at the time of said sale, and that the purchasers were building on the faith of it.

*Perkins*, for the rule.
*I. Norris*, contra.

PER CURIAM.—The question here really is, whether a sale under a younger mortgage destroys a prior lien by judgment, although that judgment is entered on a bond accompanying an elder mortgage. Had there been no judgment, the lien of the mortgage would have remained; it would not have been paid out of the proceeds, and the purchaser would have taken the property subject to it, under the act of 6th April, 1830. (*Stroud's Purd. tit. Execution.*) The argument that the entry of the judgment on the bond does not alter the case, is not tenable.

Rule discharged.